IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT OLLIE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  14-cv-608-MJR-SCW |
| | ) |
| RYAN DAVIS, | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### INTRODUCTION

Pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff Robert Ollie, currently an inmate at Hill Correctional Center, brought claims against Ryan Davis for actions that occurred while Plaintiff was housed at Menard Correctional Center. Specifically, Plaintiff alleges that Davis retaliated against him by writing two false disciplinary reports in response to Plaintiff filing grievances against Davis (Count 1) and intentionally inflicted emotional distress on Plaintiff by issuing the false disciplinary reports (Count 4). This matter is before the Court on Defendant Davis's motion for partial summary judgment (Docs. 51 and 52), which seeks summary judgment on Plaintiff's intentional infliction of emotional distress claim. Plaintiff has filed a response to the motion (Doc. 54) as well as a supplement to that response (Doc. 56).

### FACTUAL BACKGROUND

Plaintiff's complaint alleges two claims against Defendant Ryan Davis, but Davis

seeks summary judgment solely on Plaintiff's claim of intentional infliction of emotional distress (Docs. 51 and 52). Plaintiff's intentional infliction of emotional distress claim stems from two disciplinary tickets he received from Davis. Plaintiff was written a disciplinary ticket on September 15, 2013, following a confrontation that led to Plaintiff being taken to segregation. (Doc. 52-1, p. 23-24).

On September 15, Plaintiff was watching another inmate have a discussion with a medical technician when Davis walked up and started being rude. *Id*. at 7. At some point, Davis turned to Plaintiff and asked what he was looking at, and Plaintiff told him he was being rude. *Id*. at 7-8. Plaintiff testified that Davis threatened to send him and the other inmate to segregation. *Id*. at 8. Plaintiff had a verbal back and forth with Davis and then began writing a grievance about the incident. *Id*. at 8, 15. Davis returned later and asked Plaintiff if he was writing a grievance. When Plaintiff responded that he was, Davis told him that he was not going to get his lunch. *Id*. at 16. Plaintiff testified that Davis wanted to argue, but Plaintiff told him he would not argue with him. *Id*. Davis then accused Plaintiff of threatening him. *Id*. Plaintiff testified that at some point during their conversation Davis told him he would put Plaintiff somewhere where he could not write grievances. *Id*. at 19.

Ten minutes later, several officers came and escorted Plaintiff to segregation. *Id*. at 16-17, 22. He was placed in investigative status and charged with intimidation and threats and with disobeying a direct order. (Doc. 52-1, p. 36, 37; Doc. 1-2, p. 23, 28). Plaintiff was found guilty of both charges by the adjustment committee. (Doc. 52-1, p.

36-37). He was sentenced to six months in segregation. (Doc. 1-2, p. 23). Plaintiff was in segregation on that charge when he again encountered Davis.

On September 23, 2013, Plaintiff was being taken to the yard from segregation. (Doc. 52-1, p. 38). He walked past Davis on the way to the yard. *Id*. at 40. Plaintiff testified that Davis told him he bet Plaintiff was not writing any "grievances behind that thing," and Plaintiff countered with a question whether Davis was "still on that crap," and told him, "forget you, man." *Id*. Davis then denied Plaintiff access to the yard and sent him back to his cell. (Doc. 52-1, p. 33, 40-41, 43). Plaintiff asked a sergeant to get a lieutenant because he was tired of Davis's harassment, and Davis came up and told him to shut his mouth before Davis shut it for him. *Id*. at p. 33-34, 41, 48. When Plaintiff got back to his cell, he began writing a grievance. *Id*. at 35. Plaintiff was written a second disciplinary ticket by Davis for the September 23, 2013, incident for assaulting an officer and for intimidation and threats. (*Id*. at 49; Doc. 1-2, p. 29). Plaintiff was found guilty and sentenced to one year in segregation. (Doc. 1-2, p. 22, 24).

Plaintiff testified that he spent sixteen months in segregation. (Doc. 52-1, p. 55). Plaintiff testified that he did not get much food in segregation, and, as a result, he lost weight. *Id*. Plaintiff testified he lost at least 22 pounds. *Id*. at 57. He also testified that he was a spiritual person who attended many church events at the prison but could not do so while in segregation. *Id*. at 56. Plaintiff testified that as a result of his placement in segregation he could not sleep and suffered from anxiety. *Id*. at 57. Plaintiff offered medical records to show that he suffered from depression, though the Court notes that

3

those records are from 2016, which is not the time period in which he was housed in segregation as a result of the disciplinary tickets at issue in this case. (Doc. 54-1, p. 1-11). Plaintiff testified that he spoke with mental health professionals while in segregation at Pontiac Correctional Center and at one point was denied a request to be seen because the mental health professional were backed up (Doc. 52-1, p. 59). Plaintiff testified that he still suffers from anxiety and depression. *Id*. at 60-61.

### LEGAL STANDARDS

#### A. Summary Judgment Standard

Summary judgment is proper only "if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." ***Dynegy Mktg. & Trade v. Multi Corp.*, 648 F.3d 506, 517 (7th Cir. 2011)(citation and internal quotation marks omitted)(citing FED. R. CIV. P. 56(a));** s**ee also *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).** The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits, and/or information obtained via discovery—the lack of any genuine issue of material fact. ***Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).**

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)(quoting FED. R. CIV. P. 56(e)(2)).** A fact is material if it is outcome determinative under applicable law.

4

*Anderson*, **477 U.S. at 248;** *Ballance v. City of Springfield, Ill. Police Dep't*, **424 F.3d 614, 616 (7th Cir. 2005);** *Hottenroth v. Vill. of Slinger*, **388 F.3d 1015, 1027 (7th Cir. 2004).** A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* **477 U.S. at 248.** On summary judgment, the Court considers the facts in the light most favorable to the non-movant and adopts reasonable inferences and resolves doubts in the nonmovant's favor. *Srail v. Vill. of Lisle*, **588 F.3d 940, 948 (7th Cir. 2009);** *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.,* **528 F.3d 508, 512 (7th Cir. 2008).**

### B.  Intentional Infliction of Emotional Distress

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, **434 F.3d 1006, 1030 (7th Cir. 2006).** The tort has three components: (1) the conduct at issue must be extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress or know that there is a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *Nueem v. McKesson Drug Co.,* **444 F.3d 593, 604-05 (7th Cir. 2006)(quoting** *Van Stan v. Fancy Colours & Co.*, **125 F.3d 563, 567 (7th Cir. 1997)).** The defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, **256 F.3d 477, 490 (7th Cir. 2001)(citations omitted).** "Whether conduct is extreme and outrageous is judged by an

5

objective standard, based on the facts of the particular case." *Id.*

## ANALYSIS

### A. Intentional Infliction of Emotional Distress

Defendant Davis argues that Plaintiff has failed to provide evidence to establish the elements of intentional infliction of emotional distress. Defendant argues that writing two disciplinary tickets against Plaintiff was not "extreme and outrageous" enough to meet the standard for the claim, but he ignores that one of the factors that must be considered is "whether a defendant abused a position of authority." *Fox v. Hayes*, 600 F.3d 819, 842 (7th Cir. 2010) (citing *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill.2d 1, 21 (Ill. 1992) and *McGrath v. Fahey*, 126 Ill.2d 78, 86-87 (Ill. 1988)). Here, Plaintiff testified that Davis wrote two false disciplinary tickets against him in retaliation for Plaintiff filing grievances. Using his position of power as a correctional officer to falsely write disciplinary tickets in order to send Plaintiff to segregation for a lengthy amount of time could be considered to be "extreme and outrageous," and, as a result, Plaintiff presents an issue for a jury to decide. *See Fox*, 600 F.3d at 842 ("[T]he extreme and outrageous character of a defendant's conduct may arise, not so much from what he says or does, but from the defendant's improper use of a position of power which gives him the ability to adversely affect the plaintiff's interests")(citation omitted)(alteration in original). While Defendant argues that he did not put Plaintiff in segregation because the adjustment committee made the ultimate decision as to what punishment to impose, Davis wrote the allegedly false disciplinary reports. If Plaintiff's

testimony is to be credited, Davis falsely wrote one disciplinary report for a serious violation, assault on a person, which led to a lengthy sentence in segregation. Thus, Plaintiff has submitted evidence that could support a finding that Davis's actions were extreme and outrageous. Further, Plaintiff has offered evidence that he suffered emotional distress from his placement in segregation. Plaintiff testified that he lost weight in segregation and that he suffered from anxiety, trouble sleeping, and depression. Accordingly, the Court finds that Plaintiff has offered enough evidence from which a jury could find that Davis intentionally inflicted emotional distress on Plaintiff and the Court, thus, **DENIES** Defendant's motion for summary judgment.

### B. Sovereign Immunity

Defendant Davis also argues that he is entitled to summary judgment on the intentional infliction of emotional distress claim because the claim is barred by sovereign immunity. Illinois law provides that "the State of Illinois shall not be made a defendant or party in any court." **745 ILCS 5/1.** The immunity can apply to claims against state employees when "there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within the employee's normal and official functions of the State." *Healy v. Vaupel*, **549 N.E.2d. 1240, 1247 (Ill. 1990)(quoting** *Robb v. Sutton*, **498 N.Ed.2d 267, 272 (Ill. 1986)).** However, when a plaintiff "alleges that state officials or employees violated 'statutory or

7

constitutional law,' '[s]overeign immunity affords no protection.'" *Murphy v. Smith*, 844 F.3d 653, 658-59 (7th Cir. 2016) (quoting *Healy*, 549 N.E.2d at 1247). Under this exception, illegal acts of employees are not considered acts of state and are not protected by sovereign immunity. *Murphy*, 844 F.3d at 659 (quoting *Leetaru v. Board of Trustees of University of Illinois*, 32 N.E.3d 583, 596 (Ill. 2005)). Defendant acknowledges that Plaintiff's claim is premised on the allegation that Defendant acted in retaliation, but he argues that does not deprive Defendant of sovereign immunity because his duties as a prison employee include issuing disciplinary reports. However, Davis's alleged actions of retaliation and issuing false disciplinary tickets, if proven true, are not a part of his duties and would be a violation of constitutional law. Thus, the Court finds that Davis is not entitled to sovereign immunity in this case.

## CONCLUSION

Accordingly, the Court **DENIES** Defendant Davis's motion for summary judgment. This case remains set for a final pretrial conference before Magistrate Judge Williams on March 23, 2017, and a jury trial before the undersigned on April 10, 2017.

**IT IS SO ORDERED**.

DATED: March 17, 2017

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**

8